**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  **CIVIL ACTION NO. 2:09-CR-8
(BAILEY)**

**JOSHUA JONES,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation/Opinion of United States Magistrate Judge John S. Kaull. By Order entered on May 5, 2009 [Doc. 18], all pretrial motions in this action were referred to Magistrate Judge Kaull for report and recommendation ("R & R"). Magistrate Judge Kaull filed his R & R [Doc. 63] as to the defendant's Motion to Suppress [Doc. 55] on July 31, 2009. In that filing, the magistrate judge recommended that this Court deny the motion.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due within ten days after being served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court notes the defendant timely filed his Objections [Doc. 65] on August 21, 2009. Accordingly, this Court will review the portions of the report and recommendation to which objection was made *de novo*. The remaining portions will be reviewed for clear error.

II.     Factual and Procedural History

The magistrate judge found the following facts. This Court notes that the defendant, in his Objections, does not object to the proposed findings of fact; indeed, the defendant states that the facts as stated in the R&R are "entirely correct."

Defendant was indicted by a grand jury attending the United States District Court for the Northern District of West Virginia on April 15, 2009. The Indictment charges Defendant with Possession of Pseudoephedrine to be used in the Manufacture of Methamphetamine [Counts One and Three]; Possession of Equipment and Chemicals to Manufacture Methamphetamine [Count Two]; and Possession of LSD with Intent to Distribute [Count Four]. An arrest warrant was issued on April 15, 2009, by United States District Judge Robert E. Maxwell. The defendant was arrested on April 28, 2009, and appeared before Magistrate Judge Kaull on April 29, 2009.

The magistrate judge took testimony and found the following evidence credible, and therefore recommends the following proposed findings of fact. On April 4, 2008, Upshur

2

County Deputy Troy Brady had a vehicle stopped for a "dead" inspection sticker when the defendant drove by in a 1997 Pontiac. Deputy Brady noticed the license plate on the Pontiac was "dead" because it had a blue decal, indicating it was registered in 2007. He left the vehicle he had previously stopped and went over to the Pontiac that the defendant was driving. Deputy Brady asked the defendant for his driver's licence, insurance card, and registration card. The license plate did not come back to any vehicle. At some point Deputy Caynor arrived and told Deputy Brady that he had stopped the same vehicle just days earlier and had written a ticket for expired registration. Deputy Brady decided to have the vehicle "towed." He called Rock Cave Towing, which was just 100 to 150 yards away. Someone from the towing company arrived and drove the vehicle to their lot.

Deputy Brady began an inventory search of the vehicle. He testified it was department policy to perform an inventory search when a vehicle had been towed. Deputy Caynor started doing the inventory search. The officers found what appeared to be a crack pipe with white residue on it, an empty baggy, a WalMart receipt for lighter fluid an air hose, salt, a Mason jar containing a clear liquid, and a brown lock box in the vehicle. Deputy Brady did not notice the date of the receipt, but did notice it was for seven or eight cans of starter fluid.

Deputy Brady called Chief Deputy Michael Coffman and advised him of what the officers had seen in the vehicle. Deputy Brady testified that in his experience these items were used in the manufacture of methamphetamine, although he was not sure in what way they were used. Chief Deputy Coffman presented a signed affidavit to Upshur County Magistrate Helen Ekhard, which provided:


> This officer recieved [sic] a call from Corporal Troy A. Brady advising that he stopped a 1997 Pontiac Grand Prix on Rt 20 S in Upshur County, WV. The vehicle was driven by Joshua Jones. Officers conducted an inventory search of said vehicle and discovered a crack pipe and an empty baggy in the vehicle. The driver also has a mason jar with a clear liquid in it, salt and a brown lock box. In said vehicle. The items are used in the manufacture of methamphetamine.

Magistrate Eckhard issued the search warrant for the vehicle, and the search was executed that same day. Among other items, the officers seized one bag of marijuana, one bag containing a white powder substance, two glass smoking tubes, digital scales, lithium batteries, night vision goggles, starter fluid, paper towels, a small propane cylinder, a stun gun, and plastic tubing.

III. <u>Legal Standard</u>

In a review of an issued search warrant, "great deference" is given to the issuing judicial officer's probable cause determination. ***United States v. Blackwood***, 913 F.2d 139, 142 (4th Cir. 1990). The test on review is whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. ***Massachusetts v. Upton***, 466 U.S. 727, 728 (1984). The reviewing court does not conduct a *de novo* review but instead limits itself to the information presented to the magistrate who issued the warrant. *Id. See also **United States v. Wilhelm***, 80 F. 3d. 116, 118 (4th Cir. 1996).

The determination of whether the State Magistrate had probable cause to issue the warrant to search the vehicle is made by answering the question: From a totality of the

4

circumstances presented to the issuing judge, was there "a fair probability that contraband or evidence of a crime" would be found?  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In *United States v. Leon*, 468 U.S. 897, 926, 104 S. Ct. 3405, 3422 (1984), the United States Supreme Court held there is a "good faith" exception to the exclusionary rule. The Court will look first to the "good faith" exception and, if this exception is inapplicable, then to a determination of whether or not there was probable cause to support the warrant. This approach was approved by the United States Supreme Court in *Leon*, and by the Fourth Circuit in *United States v. Bynum*, 293 F.3d 192 (4th Cir. 2002) ("Assuming without deciding that no probable cause supported the warrant, we will proceed 'immediately to a consideration of the officers' good faith.'"); *United States v. Legg*, 18 F.3d 240 (4th Cir. 1994)("We turn first to consideration of the good faith exception.").

The exclusionary rule operates as "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v. Calandra*, 414 U.S. 338, 94 S. Ct. 613 (1974).  In *Leon*, the Supreme Court explained the reason for the rule. "First, the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates.  Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion. Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate."  468 U.S. 897, 915.

The Fourth Circuit has noted "four situations in which an officer's reliance on a search warrant would not be reasonable," and the good faith exception would therefore not apply:

(1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;

(2) the magistrate wholly abandoned his detached and neutral judicial role;

(3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in it existence entirely unreasonable; and

(4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995); quoting *Leon*, 468 U.S. at 923.

IV.	Discussion

In his R&R, the magistrate judge recommended that the officers' reliance on the search warrant issued by the State magistrate was objectively reasonable. Accordingly, the good faith exception renders the evidence seized in the search admissible, even if the search warrant were found to have lacked probable cause.

### A. Defendant's Objections

The defendant suggests the magistrate judge's above findings are clearly erroneous or contrary to law because the R&R found that the affidavit for the search warrant set forth indicia of probable cause. Defendant's Objections, which simply reiterate the arguments made at the suppression hearing, are misguided.

Defendant's Objection focuses primarily on the third standard set forth in ***United States v. Hyppolite***, 65 F.3d 1151, which states, "(3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

In support of the objection, the defendant claims the face of the affidavit presented to the state magistrate judge was patently absurd and that the information provided defied reason. The affidavit provided to the magistrate judge included: crack pipes, empty baggies, Mason jars with clear liquids, salt and brown lock boxes, which are commonly used in the manufacture of methamphetamine.

Based on this, the defendant, without citing to any case law, proceeds to argue that the police "set forth facts upon which someone might say that we should test the residue in the glass pipe and see if it is illegal, but no one could conclude that there was evidence of methamphetamine manufacture, which was the point of the warrant." Accordingly, the defendant makes bald conclusions that "police officers [] assume the mantle of judges and lawyers" and that "there is no reason to give them a pass on a requirement to read the warrant to see if it makes sense."

### B. District Court's Findings

This Court finds the objectives of the exclusionary rule have been met in this case; thus, it applies here. "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." **Leon**, 468 U.S. at 918. "[W]hen an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope . . . there is no police illegality and thus nothing to deter." *Id.* at 920-21. The Fourth Circuit followed the Supreme Court's line of reasoning in **United States v. Lalor**:

> Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

996 F.2d 1578 (4th Cir. 1993). *Accord* **United States v. Bynum**, 293 F.3d 192, 197-199 (4th Cir. 2002) (applying good faith exception where "affidavit contained sufficient indicia of probable cause so as not to render reliance on it totally unreasonable," reversing district court's suppression of evidence); and **United States v. Cluchette**, 24 F.3d 577 (4th Cir. 1994) (applying good faith exception to search warrant issued by state judge over telephone, declining to determine whether warrant was valid under state law.). In other words, the good faith exception applies unless "a reasonably well-trained officer . . .

[should] have known that the search was illegal despite the magistrate's authorization." **Leon**, 468 U.S. at 922 n.23.

This Court finds nothing in the record which would indicate that the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. Further, this Court finds that the items listed in the affidavit contained sufficient indicia of probable cause so as not to render reliance on it totally unreasonable. *See **Bynum***, 293 F.3d 192, 197-199. Therefore, this Court finds the defendant's arguments to be without merit. The affidavit was more than sufficient to meet the challenged third standard set forth in **United States v. Hyppolite** as well as the other three standards.

Accordingly, this Court gives great deference to the state magistrate's determination that based on the affidavit provided to her, and considering the totality of the circumstances, their was certainly a fair probability that contraband would be found in the vehicle. *See **Illinios v. Gates***, 462 U.S. at 238. Therefore, this Court will not disturb that determination. Accordingly, this Court **OVERRULES** the defendant's Objections.

V. Conclusion

Upon careful review of the R & R, it is the opinion of this Court that the magistrate judge's **Report and Recommendation/Opinion [Doc. 63]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Additionally, the defendant's Objections **[Doc. 65]** are **OVERRULED**. Accordingly, the Defendant's Motion to Suppress **[Doc. 55]** is hereby **DENIED.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE